
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRANDON SMITH, | No. 14-15969 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-02391-FJM |
| v. | |
| CITY OF CHANDLER; KEITH SMITH, Officer #616, | MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| BRANDON SMITH, | No. 14-17512 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-02391-FJM |
| v. | |
| CITY OF CHANDLER; KEITH SMITH, Officer #616, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, Senior District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted May 10, 2016
San Francisco, California

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

Brandon Smith ("Brandon") appeals the district court's order granting summary judgment in favor of Officer Keith Smith ("Officer Smith") on Brandon's Fourth Amendment excessive force claim and the City of Chandler on Brandon's state law negligence claim. Brandon also appeals the district court's order granting attorney's fees and non-taxable costs to the defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse the grant of summary judgment and vacate the award of fees and costs.

1.     We review a grant of summary judgment de novo and take the facts in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 377–78 (2007); *Barnett v. Centori*, 31 F.3d 813, 815 (9th Cir. 1994). We construe the district court's order as a grant of summary judgment on the merits of the Fourth Amendment claim. We conclude that material disputes of fact exist and that the district court therefore erred in granting summary judgment. We are well aware that "police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham v. Connor*, 490 U.S. 386,

397 (1989). Nonetheless, taking the facts in the light most favorable to Brandon, the officers entered the patio area with guns drawn on a man whom they knew to be emotionally disturbed and possibly suicidal. They immediately began issuing commands, and Brandon testified that he heard a command to "stand up." When Brandon began to stand up—with a knife cradled in his arm pointing towards himself, positioned approximately eight feet from Officer Hawkins, who was pointing a handgun at Brandon—Officer Smith shot him with two beanbag rounds, and later claimed he did so in order to protect Officer Hawkins. Because triable issues of material fact remain as to whether one of the four officers ordered Brandon to "stand up," and whether Officer Smith reasonably should have heard this command, we reverse the district court's grant of summary judgment on the merits of the excessive force claim. *See Glenn v. Washington Cty.*, 673 F.3d 864, 871 (9th Cir. 2011) (holding that summary judgment on an excessive force claim was precluded when officers shot beanbag rounds at a man standing several feet in front of them and holding a knife pointed at himself).

2.      In the alternative, Officer Smith argues that he is entitled to qualified immunity. To determine whether a police officer is entitled to qualified immunity, we apply the two-prong test established in *Saucier v. Katz*, 533 U.S. 194 (2001), *overruled in part by Pearson v. Callahan*, 555 U.S. 223 (2009). We ask, "[t]aken

3

in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier*, 533 U.S. at 201. In addition, we ask "whether the right was clearly established," meaning that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 201–02. "We have the discretion to decide 'which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.'" *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (quoting *Pearson*, 555 U.S. at 236).

Taking the facts in the light most favorable to Brandon—that he was told by one of the officers to stand up, and complied with that command—Officer Smith is not entitled to qualified immunity. The circumstances surrounding the beanbag shooting were not meaningfully different than those in *Glenn*, which was decided before the shooting. 673 F.3d 864. The similarity of Brandon's situation to the situation in *Glenn* demonstrates that the law against discharging beanbag rounds under these circumstances was clearly established at the time Officer Smith shot Brandon. *See Saucier*, 533 U.S. at 201–02.

**3.** We also reverse the district court's grant of summary judgment on Brandon's state law negligence claim against the City of Chandler. As explained above, taking the facts in the light most favorable to Brandon, Officer Smith did

4

not act reasonably in discharging two beanbag rounds. Thus, there are disputed issues of material fact as to whether Officer Smith acted negligently, and whether his actions were of a kind for which the City of Chandler was vicariously liable.

**4.**     Because we reverse the district court's grant of summary judgment, we also vacate the award of attorney's fees and non-taxable costs.

**REVERSED IN PART, VACATED IN PART, AND REMANDED.**